IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01690-BNB

ADAM DMYTRYSZYN,

      Plaintiff,

v.

JOHN HICKENLOOPER, Governor,
TOM CLEMENTS, Executive Director,
SUPERINTENDENT FAULK,
CAPTAIN JOHN DOE,
CORRECTIONAL OFFICER BRADYHOFF,
ARISTEDES ZAVARES, Former Exec. Dir., and
FORMER SUPERINTENDENT MILLIARD,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Adam Dmytryszyn, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional facility in Sterling, Colorado.  Mr. Dmytryszyn initiated this action by filing *pro se* a civil rights complaint asserting claims pursuant to 42 U.S.C. § 1983 that his rights under the United States Constitution have been violated.  He asks for declaratory and injunctive relief and money damages.

The Court must construe the Prisoner Complaint liberally because Mr. Dmytryszyn is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For

the reasons stated below, Mr. Dmytryszyn will be ordered to file an amended complaint

if he wishes to pursue his claims in this action.

The Court has reviewed the Prisoner Complaint and finds that the Prisoner

Complaint does not comply with the pleading requirements of Rule 8 of the Federal

Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing

parties fair notice of the basis for the claims against them so that they may respond and

to allow the court to conclude that the allegations, if proven, show that the plaintiff is

entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American*

*Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of

Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications*

*Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d

1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain

(1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short

and plain statement of the claim showing that the pleader is entitled to relief; and (3) a

demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1),

which provides that "[e]ach allegation must be simple, concise, and direct."  Taken

together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity

by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Dmytryszyn asserts four claims for relief.  As his first claim, he complains

about being forced to work in the prison kitchens at the Kit Carson Correctional Facility

and Sterling Correctional Facility for only 60 cents per day.  He appears to assert this

claim against Defendants Governor John Hickenlooper; Aristedes Zavaras, the former

DOC executive director; and Tom Clements, the current DOC executive director.  On

the basis of these allegations, he contends his Fourteenth Amendment rights to due process and equal protection and to be free from slavery under the Thirteenth Amendment were violated.  However, he fails to clarify whether he is considered a full-time worker in prison and how he has been treated differently than other full-time prison workers.  *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  He also fails to identify what liberty or property interest has been violated.  *See Blum v. Clements*, No. 11-cv-02257-MJW, 2012 WL 2502995, *9 (10th Cir. 2006) (unpublished).

As his second claim, Mr. Dmytryszyn alleges that on approximately June 29, 2010, Defendant Officer Bradyhoff stopped all inmates leaving the kitchen at Sterling Correctional Facility after work to pat search them for stolen items.  He contends Officer Bradyhoff pat searched him from behind, located a small package of twenty single-serving sugar substitute packets hanging above his penis, and then reached between his legs and grabbed and squeezed his penis several times, causing him pain and humiliation.  On the basis of these allegations, he contends he was subjected to an unreasonable search, sexual assault, and cruel and unusual punishment.  He appears to be suing Officer Bradyhoff, as well as Defendants Captain John Doe and Superintendent Milliard, who he contends were aware of the conduct and did nothing to prevent it.  However, he fails to allege what, if any, serious physical injury he suffered.  *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *see also Hudson v. Palmer*, 468 U.S. 517, 526-28 (1984).

In his third claim, Mr. Dmytryszyn complains that funds have been withdrawn from his inmate trust fund account without his knowledge or permission.  He specifically alleges that approximately $4,000.00 was assessed as restitution in a 1990 criminal

case in which he was charged with first- and second-degree burglary in Arapahoe County, pleaded guilty, and was sentenced to thirteen years in prison.  He alleges that he served that sentence and neither Arapahoe County nor the State of Colorado attempted to collect the restitution until he returned to prison pursuant to a new criminal conviction and sentence in 2009, when the DOC began deducting funds from his inmate account to pay the restitution on the expired sentence.  He also complains that the DOC is deducting funds from his trust fund account to pay the filing fee on a state case he initiated to challenge a disciplinary conviction.  On the basis of these allegations, he contends he was subjected to an unreasonable seizure and a violation of his due process rights.  He is suing Defendants Tom Clements and Aristedes Zavaras for instituting the administrative regulations authorizing such deductions from his trust fund account.  Mr. Dmytryszyn fails to explain what, if any, arrangements he made prior to or in conjunction with the DOC deducting twenty percent of the deposits to his trust fund account to pay the required filing fee for the state case he initiated, and how those arrangements violated his due process rights.

As his fourth and final claim, he attacks what he considers to be the exorbitant cost of legal photocopies at 25 cents per page as violating his right of access to the courts.  He is suing Defendants Tom Clements and Aristedes Zavaras for instituting the administrative regulation establishing the cost of legal photocopies at 25 center per page.  He fails, however, to explain how the cost of legal photocopies has interfered with his court access.  *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996).

In order to state a claim in federal court, Mr. Dmytryszyn "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action

4

harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In addition, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Dmytryszyn should name as defendants in his amended complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Dmytryszyn must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to supervisory officials, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

5

Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for
> conduct "arising from his or her superintendent
> responsibilities," the plaintiff must plausibly plead and
> eventually prove not only that the official's subordinates
> violated the Constitution, but that the official by virtue of his
> own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556

U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government

official for conduct that arises out of his or her supervisory responsibilities, a plaintiff

must allege and demonstrate that: "(1) the defendant promulgated, created,

implemented or possessed responsibility for the continued operation of a policy that (2)

caused the complained of constitutional harm, and (3) acted with the state of mind

required to establish the alleged constitutional deprivation."  *Id.* at 1199.

Mr. Dmytryszyn may use fictitious names, such as "John or Jane Doe," if he does

not know the real names of the individuals who allegedly violated his rights.  However, if

Mr. Dmytryszyn uses fictitious names he must provide sufficient information about each

defendant so that he or she can be identified for purposes of service.          Accordingly,

it is

ORDERED that Plaintiff, Adam Dmytryszyn, file, **within thirty (30) days from

the date of this order**, an amended Prisoner Complaint that complies with the pleading

requirements of Fed. R. Civ. P. 8(a) as discussed in this order.  It is

FURTHER ORDERED that Mr. Dmytryszyn shall obtain the Court-approved

Prisoner Complaint form (with the assistance of his case manager or the facility's legal

assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Dmytryszyn fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED July 20, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

7